**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

| | |
|---|---|
| ROBERT ANEL DIAZ-MORALES,<br><br>    Plaintiff,<br><br>        v.<br><br>SERGIO RUBIO-PAREDES, ET ALS.,<br><br>    Defendants. | CIV. NO. 13-1360(PG) |

### **OPINION AND ORDER**

Before the court is co-defendants Limaris Cruz-Velez, Sergio Rubio-Paredes and Emilio Arill-Garcia's motion in limine (Docket No. 162). For the reasons set forth below, the court **GRANTS IN PART** the co-defendants' motion.

### **I. BACKGROUND**

On May 5, 2016, co-defendants police officer Limaris Cruz-Velez ("Cruz-Velez"), prosecutor Sergio Rubio-Paredes ("Rubio-Paredes"), supervising district attorney Emilio Arill-Garcia ("Arill-Garcia") filed a motion in limine seeking two evidentiary rulings prior to the scheduled jury trial: (1) that the court not allow plaintiff Robert Anel Diaz-Morales (hereinafter "Plaintiff" or "Diaz-Morales") to use the content of the Puerto Rico Supreme Court's (PRSC) sentence of acquittal, namely, Pueblo v. Robert Anel Diaz Morales, CC-2006-532 (PRSC May 9, 2012), for purposes of establishing that the defendants lacked probable cause to prosecute him or that government witness Jose Luis Delgado ("Delgado") was mendacious; (2) that the court preclude the Plaintiff from using the complaints contained in Puerto Rico Police Department (PRPD) administrative files against co-defendant Cruz-Velez because it is inadmissible character evidence. See Docket No. 162.

During a hearing held on June 14, 2016, Plaintiff opposed the defendants' motion. In short, it argued that the PRSC sentence of acquittal established that Delgado's testimony deserved no credibility, a fact that this court should take notice of here. The Plaintiff also claimed that, as stated in its portion of the joint proposed Pre-Trial Order, he only foresees using Cruz-Velez's PRPD employee file for impeachment purposes, see Docket No. 149 at

CIV. NO. 13-1360(PG)                                                    Page 2

pages 99-100, and defendants cannot be allowed to curtail his right to potentially impeach Cruz-Velez by means of a motion in limine.

During the hearing, the court reserved its holding on the motion. See Docket No. 196.

## II. DISCUSSION

### A. Judicial Notice

In our Opinion and Order of March 21, 2016, the undersigned took judicial notice of the PRSC's acquittal of plaintiff Diaz-Morales on May 9, 2012 pursuant to Federal Rule of Evidence 201. See Docket No. 145 at FN 2. In their motion, however, the defendants seek that this court refrain from presenting the content of the sentence of acquittal to the jury. The main ground for exclusion is Fed. R. Evid. 403, which states that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. According to the defendants, admitting the judgment of acquittal into evidence may confuse the jury and induce it to error given the different standard of proof that applies in criminal cases and the undue influence a determination from the Commonwealth's highest court may have in the mind of the jury. See Docket No. 162.

In his oral argument in opposition, the Plaintiff relied on Olsen v. Correiro, 189 F.3d 52 (1st Cir. 1999), for the proposition that the sentence of acquittal shall in fact be provided to the jury to establish the fact that Delgado's testimony lacked any credibility whatsoever. However, a perfunctory reading of the caselaw relied on shows that the discussion therein is inapposite to the case at hand. The court in Olsen is faced with the determination of whether or not to bar the admission of a conviction imposed pursuant to a plea of nolo contendere, for which different rules of exclusion apply. See id.

In the case at hand, taking judicial notice that the Plaintiff was eventually acquitted is relevant and central to his claim of malicious prosecution. This is so because one of the elements of such a claim is establishing that the criminal proceedings in question terminated in the plaintiff's favor. See Hernandez-Cuevas v. Taylor, 723 F.3d 91, 101 (1st Cir.2013). However, exposing the jury to the content of the sentence of acquittal is out of the question. The reasoning behind this holding is best

set forth in a persuasive opinion by our sister court of the District of Columbia in Moore v. Hartman, 102 F. Supp. 3d 35, 143 (D.D.C. 2015), where the district court barred plaintiff from presenting a prior judicial opinion dismissing criminal charges against him in a later Bivens[1] suit for retaliatory inducement to prosecution against postal inspectors. In Moore, the prior judicial opinion that was excluded contained several comments that were critical of the prosecution's case. There, the plaintiff "hoped to leverage these statements into his case in order to 'demonstrate[ ] that [the] government's evidence was abysmally weak' and because a jury could infer a retaliatory motive from such a weak criminal case." Moore, 102 F. Supp. 3d at 143. But pursuant to the tenets of Rule 403, the court found that "[a]llowing the plaintiff to exploit and present the [prior judicial] Opinion to the jury would have resulted in unfair prejudice to the defendants … ." Id. at 144.

First, the Moore court feared that allowing the use of the prior judicial opinion posed the significant risk that the jury would give undue weight to the judicial findings contained therein. Citing the First Circuit Court of Appeals, the district court stated that "'[a] lay jury is quite likely to give special weight to judicial findings merely because they are judicial findings.'" Moore, 102 F. Supp. 3d at 144 (citing Faigin v. Kelly, 184 F.3d 67, 80 (1st Cir.1999); Nipper v. Snipes, 7 F.3d 415, 418 (4th Cir.1993) (noting that "judicial findings of fact present a rare case where, by virtue of their having been made by a judge, they would likely be given undue weight by the jury")). The admission of such a document in evidence may be unfairly prejudicial to defendants if the jurors accord "more weight to the analysis of the evidence laid out in the [prior judicial] Opinion than to their own perceptions of the evidence simply because the opinion was authored by a judge." Moore, 102 F. Supp. 3d at 144.

Second, the Moore court noted the confusion that may ensue from the different legal standard a juror must apply to the evidence in a criminal case versus the matter at hand. Whereas the evidence in a criminal case needs to show guilt beyond a reasonable doubt for a conviction, a jury here must examine the evidence available to them in light of the probable cause standard. The Moore court adequately noted that "[t]he impressions of the evidence contained in the [prior judicial] Opinion, however, might have colored the jurors' evaluation and led them to conclude improperly that the

---

[1] Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

evidence was insufficient to show probable cause because the same evidence was insufficient to withstand a motion for judgment of acquittal." Id. at 144. The court thus concluded that even a "cautionary instruction would not overcome the unfair prejudice of admitting the prior judicial opinion because of both the nature of the evidence and its judicial source." Id. at 145.

"Rule 403 'requires the trial court to exclude the evidence if its probative value is substantially outweighed by 'the danger of unfair prejudice.'" United States v. Peake, 804 F.3d 81, 96 (1st Cir. 2015) (citing United States v. Varoudakis, 233 F.3d 113, 121 (1st Cir.2000)). "[T]he district court has wide discretion in steadying the Rule 403 seesaw." Lund v. Henderson, 807 F.3d 6, 11 (1st Cir. 2015) (citing Onujiogu v. United States, 817 F.2d 3, 6 (1st Cir.1987)). "This 'balancing act … is a quintessentially fact-sensitive enterprise' which the district court is in the best position to make." United States v. Soto, 799 F.3d 68, 91 (1st Cir.2015) (citing United States v. Joubert, 778 F.3d 247, 255 (1st Cir.2015)).

Persuaded by our sister court in Moore given the similar factual circumstances under which its decision was reached, we hereby **GRANT** the co-defendants' motion in limine and take judicial notice of the PRSC's sentence for the limited purpose of establishing that the criminal proceedings against the Plaintiff eventually resulted in his acquittal. However, the court finds it would be improperly prejudicial to provide a copy to or read it before the jury for the same reasons stated in Moore.

**B. Cruz-Velez's employee record with the PRPD**

The defendants also seek to preclude the Plaintiff from using Cruz-Velez's file as an employee of the PRPD during the jury trial. They contend that it constitutes impermissible character evidence under Federal Rule of Evidence 404(b). See Docket No. 162 at pages 6-9. In response, the Plaintiff argued it may only use it for impeachment purposes, not to establish evidence of her character or a particular character trait.

Rule 404(b)(1) states that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Nevertheless, "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). "By its very terms, Rule 404(b) prohibits the admission of a prior bad act to prove the character of a person in order to show conformity

CIV. NO. 13-1360(PG)                                                    Page 5

therewith." United States v. Bayard, 642 F.3d 59, 62 (1st Cir. 2011) (citations and quotation marks omitted). "But, past bad acts which are also relevant in any other way which does not involve character are not automatically excluded from evidence and will be admitted unless substantially outweighed by the risks of prejudice, confusion or waste of time." United States v. Mateos-Sanchez, 864 F.2d 232, 235 (1st Cir. 1988).

While evidence may be deemed inadmissible on that basis, the court must be mindful of Rule 404's interplay with Rule 608, which allows, on cross-examination only, inquiry into specific instances of conduct if "probative of truthfulness or untruthfulness." United States v. Cudlitz, 72 F.3d 992, 996 (1st Cir. 1996) (citing Fed. R. Evid. Rule 608(b)). In addition, impeachment by contradiction may be a legitimate basis to justify a certain line of questioning under limited circumstances. See id. (citing United States v. Perez–Perez, 72 F.3d 224, 227 (1st Cir.1995)).

As part of the test to determine if evidence of prior bad acts should be admitted during the trial of a case, "the trial court must perform a Rule 403 balancing test to determine whether the probative value of the evidence substantially outweighs the danger of unfair prejudice." United States v. Paniagua-Ramos, 182 F.R.D. 376, 377 (D.P.R. 1998) (citing United States v. Trenkler, 61 F.3d 45, 52 (1st Cir.1995); United States v. Aquilar–Aranceta, 58 F.3d 796, 798 (1st Cir.1995); United States v. Lynn, 856 F.2d 430, 434 (1st Cir.1988)). At this time, however, the court is unable to exercise our discretion in that respect as we are not privy to the content of Cruz-Velez's record with the PRPD, nor can we anticipate the content of her testimony at trial. As a result, the controversy is not ripe for adjudication and, if necessary, the court will revisit the matter of whether these records are admissible during the course of the trial keeping the foregoing discussion in mind. The defendants' request is thus **HELD IN ABEYANCE.**

### III. CONCLUSION

For the reasons stated above, the co-defendants' motion in limine (Docket No. 162) is **GRANTED IN PART.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, July 8, 2016.

*S/ JUAN M. PEREZ-GIMENEZ*
JUAN M. PEREZ-GIMENEZ
SENIOR U.S. DISTRICT JUDGE