## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

ROBERT ANEL DÍAZ-MORALES,

      **Plaintiff,**

      **v.**

LIMARIS CRUZ-VÉLEZ, SERGIO
RUBIO-PAREDES, and EMILIO ARILL-
GARCÍA,

      **Defendants.**

                             **Civil No. 13-1360 (ADC)**

### OPINION AND ORDER

Presently before the Court is defendants Limaris Cruz-Vélez's, Sergio Rubio-Paredes's, and Emilio Arill-García's ("Defendants") informative motion regarding the applicability of the automatic stay provision of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"). **ECF No. 290**. Plaintiff Robert Anel Díaz-Morales ("Plaintiff") opposed, and Defendants replied. **ECF Nos. 292; 297**. Also before the Court is Defendants' motion to stay proceedings pending appeal. **ECF No. 304**. For the ensuing reasons, the Court **GRANTS** Defendants' motion to stay the case under PROMESA and finds that Defendants' motion to stay proceedings pending appeal is **MOOT**.

### I.   Procedural Background

On May 8, 2013, Plaintiff filed a complaint alleging a violation of his civil rights under 42 U.S.C. § 1983 against the law enforcement officer that investigated Plaintiff's murder charge as

well as the two district attorneys who prosecuted his case. **ECF No. 1**. On February 3, 2017, the parties reached a settlement agreement that dismissed the case with prejudice. **ECF No. 248**. The judgment expressly stated that "[i]n accordance with the stipulation, the court will retain jurisdiction until the terms and conditions of [the settlement] are implemented and fully complied with." **ECF No. 252**. The settlement agreement indicated that the settlement amount would "be paid to . . . [Plaintiff] *by the Commonwealth of Puerto Rico*" because "Defendants are beneficiaries of [Puerto Rico Law 9]." **ECF No. 248 at 2, 4**. It dictated that payment was to be made in installments, with the first one due by December 31, 2017. **ECF No. 248 at 5**.

Before the first installment was due, on May 3, 2017, the Financial Oversight and Management Board filed a petition for bankruptcy relief on behalf of the Commonwealth under Title III of PROMESA. On September 4, 2017, Defendants filed an informative motion that notified the Court of the Title III petition but did not request the Court to stay the case. **ECF No. 256**. Notwithstanding, Plaintiff opposed arguing that PROMESA's automatic stay provision did not apply. **ECF No. 257**. Former U.S. District Judge Juan M. Pérez-Giménez agreed with Plaintiff's opposition and denied Defendants' motion. **ECF No. 258**.

Subsequently, Defendants filed a motion for reconsideration, but this time they actually requested the Court to stay the case pursuant to PROMESA's automatic stay provision. **ECF No. 260**. Judge Pérez-Giménez denied the motion reasoning that there was no "cause of action

alleged against the Commonwealth[] seeking payment or compensation of any kind," and, as such, there was "nothing to be stayed here." **ECF No. 265**.

Defendants appealed and the First Circuit affirmed on May 11, 2021. **ECF Nos. 268; 279**. Admitting that the terms of the settlement agreement indicate that the Commonwealth is the only liable party, the First Circuit found that there is no "action" or "proceeding" demanding that the Commonwealth pay the Plaintiff the owed installments and that there had been no effort to "commence[]" or "continu[e]" one. **ECF No. 279 at 9** (*citing* 11 U.S.C. § 362(a)(1)). Thus, it held that "there was nothing to stay here" because Plaintiff had not sought to enforce the terms of the settlement agreement. **ECF No. 279 at 10**. The First Circuit provided that if Plaintiff made any action to enforce the settlement, then that action must be stayed. **ECF No. 279 at 11**.

On June 8, 2021, after receiving the First Circuit's mandate, Plaintiff moved to schedule a status conference to "address pending matters and properly schedule this case going forward." **ECF No. 282**. Subsequently, the case was reassigned to the undersigned after the passing of Judge Pérez-Giménez. **ECF No. 283.** The undersigned held the status conference on September 30, 2021, to meet and identify possible solutions for recovery before staying the proceedings. **ECF Nos. 288; 301**. After finding out that the parties had not met since the issuance of the First Circuit's mandate, the Court instructed the parties to convene for initial discussions and also ordered a follow-up settlement conference. **ECF Nos. 288; 301**.

After the status conference, Defendants filed the motion currently before the Court regarding the applicability of PROMESA's automatic stay provision. **ECF No. 290**. The parties fully briefed this issue. **ECF Nos. 292; 297**. Then, on November 22, 2021, the settlement conference was held, and a conference report and order was issued. **ECF No. 301**. In hopes that the parties could or would identify alternatives for Plaintiff to obtain, at least partial execution of the judgment before the imposition of the stay, the Court instructed counsel for Defendants to meet with their superiors, including the Commonwealth's Secretary of Justice, and identify mechanisms that may bring the case to a resolution[1]. **ECF No. 301**. The parties were encouraged to continue to search for alternatives and to report by December 23, 2021. **ECF No. 301**.

Nevertheless, before the Court could disposed of the motion to stay and before the follow up conference set for December 23rd, Defendants submitted their notice of appeal on December 20, 2021. **ECF No. 302**. Therein, Defendants appealed from the settlement conference report and order of November 22, 2021. *See id.* The report and order noted that Defendants had moved for

---

[1] The Court expected that the parties could explore alternatives other than a stay given the fact that even in cases already stayed under PROMESA, the Commonwealth has reached agreements, by means of exception, in certain cases. Agreements modifying PROMESA's automatic stay that would enable Plaintiff to obtain some recovery like it has done in other cases. See Pena-Cruz v. Dep't of Educ. of P.R., Civil No. 22-1011 (ADC), Docket No. 8 (D.P.R. Feb. 17, 2022); Molina-Vázquez v. Dep't of Educ. of P.R., Civil No. 22-1012 (RAM), Docket No. 9 (D.P.R. Feb. 17, 2022); Cintrón-Cortés v. Dep't of Educ. of P.R., Civil No. 22-1013 (FAB), Docket No. 9 (D.P.R. Feb. 17, 2022); Jiménez-Muniz v. Dep't of Educ. of P.R., Civil No. 22-1014 (RAM), Docket No. 9 (D.P.R. Feb. 17, 2022); González-Santiago v. Dep't of Educ. of P.R., Civil No. 22-1015 (JAG), Docket No. 8 (D.P.R. Feb. 18, 2022); Avilés-Vélez v. Dep't of Educ. of P.R., Civil No. 22-1016 (PAD), Docket No. 9 (D.P.R. Feb. 18, 2022). See also In re Fin. Oversight and Mgmt. Bd. of P.R., Case No. 17-3283, Docket No. 20454 (D.P.R. Mar. 28, 2022).

a stay of proceedings. *See id.* However, the Defendants interpreted the report and order to mean

that the Court had denied the application of PROMESA's automatic stay to the case at bar

because the Court was urging the Commonwealth to look for alternatives before acting on

Defendants' verbal request to stay the case. *See id.* (*citing Colón-Torres v. Negrón-Fernández*, 997

F.3d 63, 74-75 (1st Cir. 2021) ("[A] district court's refusal to acknowledge the PROMESA stay is

immediately appealable even if it does not end the litigation on the merits")). Shortly afterwards,

Defendants filed a motion to stay proceedings pending appeal. **ECF No. 304**.

## II.    Discussion

Two issues presently confront the Court: whether PROMESA's automatic stay

provision is in effect and whether the Court has jurisdiction after Defendants' notice of appeal.

### a.    *Jurisdiction after Notice of Appeal*

As a general rule, "[t]he filing of a notice of appeal is an event of jurisdictional

significance—it confers jurisdiction on the court of appeals and divests the district court of its

control over those aspects of the case involved in the appeal." *Colón-Torres*, 997 F.3d at 74-75

(*citing Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam)). However,

under Rule 62.1 of the Federal Rules of Civil Procedure, if a timely motion is made for relief that

the Court lacks authority to grant because of an appeal that has been docketed and is pending,

the Court may state that it would grant the motion if the First Circuit remands for that purpose.

Fed. R. Civ. P. 62.1(a)(3). If the Court states that it would grant the motion, then the movant must

promptly notify the Circuit Clerk under Rule 12.1 of the Federal Rule of Appellate Procedure. Fed. R. Civ. P. 62.1(b).

Here, the Court states that it will grant the motion to stay proceedings under PROMESA for the reasons explained below. Thus, Defendants must promptly notify the Circuit Clerk of this determination.

b.  *Applicability of PROMESA Stay*

Defendants argue, *inter alia*, that during the status conference held on September 30, 2021, Plaintiff sought to enforce the settlement agreement. **EF No. 290.** Thus, Defendants posit that Plaintiff's collection attempt triggers the protections of PROMESA's automatic stay provision. *See id.*

Plaintiff opposed the applicability of PROMESA's automatic stay. **ECF No. 292**. Plaintiff states that his collection effort was addressed only against the individual Defendants, not the Commonwealth, and that he would then have to pursue the collection effort against the Commonwealth if no settlement is reached with the individual defendants. **ECF No. 292 at 4**.

Plaintiff misunderstands the posture of this case. While he claims that his action to recover the owed installments under the settlement agreement during the status conference were made solely as to the individual defendants, the settlement agreement indicated that Plaintiff would be paid only by the Commonwealth because the individual Defendants are beneficiaries of Puerto Rico Law 9. **ECF No. 248 at 2, 4**. The First Circuit explained that if Plaintiff

made any attempt to enforce the settlement, "[b]ecause the Commonwealth is the only party that has expressly committed in the settlement to pay the agreed-upon amount, it may be that any future collection effort under the terms of that agreement would be against the Commonwealth." **ECF No. 279 at 11**. "And, any action to enforce the settlement in this case that 'seeks to recover a claim against the debtor' must be stayed if it is brought." **ECF No. 279 at 11** (*citing* 11 U.S.C. § 362).

Here, the Court finds that Plaintiff sought to enforce the Commonwealth to pay Plaintiff according to the terms of the settlement agreement during the status conference on September 30, 2021, because the Commonwealth is the only party that has expressly committed to pay the agreed-upon amount. Therefore, the Court holds that the case is **STAYED** pursuant to PROMESA's automatic stay provision.

### III.    Conclusion

For the foregoing reasons, the Court **GRANTS** Defendants' motion to stay the case under PROMESA, **ECF No. 290**, reason for which Defendants' motion to stay the case pending appeal, **ECF No. 304** is **MOOT**. Amended judgment staying the case shall be entered accordingly.

Furthermore, the Court **GRANTS** Defendants' motion to restrict, **ECF No. 289**, finds as **MOOT** Defendants' motion for leave to file Spanish language documents, **ECF No. 291;** Defendants' motion for leave to file reply, **ECF No. 293 is NOTED and GRANTED;** Plaintiff's informative motion is **NOTED**, **ECF No. 294**, **GRANTS** Defendants' motion for leave to file

excess pages, **ECF No. 295**, **GRANTS** Defendants' motion to restrict, **ECF No. 296**, finds as

**MOOT** Defendants' motion submitting certified translation, **ECF No. 298**, **NOTES** Defendants'

informative motion regarding restrictive filings, **ECF No. 299**, and **GRANTS** Defendants'

motion to restrict, **ECF No. 303**.

     **SO ORDERED**.

     At San Juan, Puerto Rico, on this 12th day of April, 2022.


                             **S/AIDA M. DELGADO-COLÓN**
                             **United States District Judge**